**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | CHAPTER 13 |
| Roger Edward Holley | * | CASE NO. 21-10028 |
| Evelyn JoAnn Holley | * | |
| | * | |
| Debtor(s) | | |

**MOTION TO MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION**

COMES NOW the Debtors under the authority of Section 1329 of the Bankruptcy Codes and files this Modification of his/her/their Plan and respectfully shows:

1.

The Debtor(s) Chapter 13 Plan was confirmed on or about July 2, 2021. His/Her/Their current monthly chapter 13 payment is $150.00.

2.

The Debtor(s) propose(s) the following:

    a)    To pay SN Servicing the value of $5,900.00 at 5% for a monthly payment of $112.00 for the property located at 126 Country Lane Rd., Climax, GA 39834.

The Debtors monthly plan payment shall be $190.00 monthly upon signed Order Confirming Modified Plan.

WHEREFORE, the Debtor(s) pray that this Motion be granted.

Respectfully submitted this 6th day of July, 2021.

                                                          /s/ Matthew P. Smith
                                                        Matthew P. Smith
                                                        Attorney for Debtor

1003 N. Patterson St.
P.O. Box 3335
Valdosta, GA 31604-3335
(229) 247-1211
Georgia Bar No. 878128

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

Roger Edward Holley
Evelyn JoAnn Holley             *       Chapter 13
                                *       Case No.       21-10028

☒ Check if this is a modified plan and list below the sections of the plan that have been changed.

# CHAPTER 13 PLAN
# MIDDLE DISTRICT OF GEORGIA
# (NOT OFFICIAL FORM 113)

**Part 1: Notices**

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan. Any nonstandard provisions placed in any part other than Part 6 are void.

| | | | |
|---|---|---|---|
| 1.1. | **Limit the Amount of a Secured Claim:** The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
| 1.2. | **Avoidance of Liens:** The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in the **Nonstandard Provisions Part 6.** | ☑ Included | ☐ Not Included |
| 1.3. | **Nonstandard Provisions:** The plan sets out **Nonstandard Provisions in Part 6.** | ☑ Included | ☐ Not Included |

GAMB Form 113 Word Format 10/9/19

1. 4 Income status of debtor(s) as stated on Official form 122-C1

**Check One**:

☑ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

## Part 2: Plan Payments and Length of Plan

2.1. **Plan Payments:** The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the Trustee the sum of $190.00 monthly. (If the payments change over time include the following.) These plan payments change to $_____ weekly/bi-weekly/semi-monthly/monthly on _____, 20____.

2.2. **Additional Payments:** Additional Payments of $_____ will be made on _____ from _____. (Source)

2.3. **Plan Length:** If the debtor's(s') current monthly income is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A) the debtor(s) will make a minimum of 36 monthly payments.

If the debtor's(s') current monthly income is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A) the debtor(s) will make payments for a minimum of 57 months.

## Part 3: Treatment of Secured Claims

From the payments so received, the Trustee shall make disbursements to allowed claims as follows:

3.1. **Long Term Debts:** The monthly payments will be made on the following long-term debts (including debts secured by the debtor's(s') principal residence): (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT | CHECK IF PRINCIPAL RESIDENCE |
|---|---|---|---|
| _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | ☐ |

GAMB Form 113 Word Format 10/9/19

3.2.  **Arrearages:** After confirmation, distributions will be made to cure arrearages on long term debts (including debts secured by the debtor's(s') principal residence) where the last payment is due after the last payment under the plan. If no monthly payment is designated, the arrearage claims will be paid after the short term secured debts listed in Section 3.3 and 3.5. Any mortgage arrearages of Debtors residence will be paid in full unless claim is objected to.

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE (if applicable) | COLLATERAL | MONTHLY PAYMENT IF ANY |
|---|---|---|---|---|
| | | | | |

3.3.  **Claims Not Subject to Cram Down:** The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a). The claims listed below will be paid in full as allowed.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

3.4.  **Preconfirmation Adequate Protection Payments:** Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| SN Servicing | 10.83 |

3.5.  **Secured Creditors Subject to Cramdown:** After confirmation of the plan, the following secured creditors who are subject to cramdown, with allowed claims will be paid as follows:

If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| SN Servicing | 28,000.00 | 5,900.00 | 5% | 126 Country Lane Rd. Climax, GA | 112.00 |

GAMB Form 113 Word Format 10/9/19

3.6.  **Surrendered Collateral:** The following collateral is **surrendered to the creditor**. If the debtor(s) is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6 Nonstandard Provisions**. Upon confirmation of this plan, the stay under § 362(a) will terminate as to the collateral only and the stay under § 1301 will terminate in all respects unless the debt is listed as a classified debt in Paragraph 5.3 of the plan. An allowed unsecured claim resulting from the disposition(s) of the collateral will be treated as unsecured.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| 1st National Bank of Decatur | Surrender interest in 2006 Ford F-250, 2000 GMC Sierra Truck, 1985 Coachmen Motor Home, 2000 Dodge Caravan, Utility Trailer in full satisfaction of debt |
| First Franklin | Surrender interest in 06 Outback Camper in full satisfaction of debt |

3.7.  **Debts Paid by Debtor:** The following debts will be paid directly by the debtor(s):

| NAME OF CREDITOR | COLLATERAL |
|---|---|
| Dextral and Rosalyn Austin | Mortgage – Paid Direct beginning Feb. 2021 |
|  |  |
|  |  |

3.8.  **Liens Avoided:** The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions.**

## Part 4: Treatment of Fees and Priority Claims

4.1.  **Attorney Fees:** Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $3,250.00 to be paid as follows: **(SELECT ONE)**

✓ Pursuant to the Single Set Fee option in the Administrative Order on Attorney Fees in Chapter 13 Cases.

☐ Hourly billing: Attorneys are required to file an application for compensation with the Court, including an itemization of their time, in accordance with the Administrative Order on Attorney Fees in Chapter 13 Cases.

4.2.  **Trustee's Fees:** Trustee's fees are governed by statute and may change during the course of the case.

4.3.  **Domestic Support Obligations:** The following domestic support obligations will be paid over the life of the plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ___%. **(If this is left blank, no interest will be paid.)**

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
|  |  |

4.4.  **Priority Claims:** All other 11 U.S.C. § 507 priority claims, unless already listed under 4.3 will be paid in full over the life of the plan as funds become available in the order specified by law.

GAMB Form 113 Word Format 10/9/19

## Part 5: Treatment of Non Priority Unsecured Claims

5.1. **Payment Parameters:** Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative; debtor(s) will pay the highest of the three):

(a) Debtor(s) will pay all of the disposable income as shown on Form 122C of $0.00 to the non-priority unsecured creditors in order to be eligible for a discharge, unless debtor(s) includes contrary provisions in **Part 6 Nonstandard Provisions** along with sufficient legal reason justifying the excusal from meeting this requirement.

(b) If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive $0.00. Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(c) The debtor(s) will pay $0.00 to the general unsecured creditors to be distributed pro rata.

5.2. **General Unsecured Creditors:** General unsecured creditors whose claims are duly proven and allowed will be paid **(CHOOSE ONLY ONE):**

(a) $0.00 dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph 5.1(a), 5.1(b), or 5.1(c) and the debtor(s) makes payment for the applicable commitment period as indicated in **Part 2 Section 2.3.**

(b) The debtor(s) anticipates unsecured creditors will receive a dividend of 0.00%, but will also pay the highest amount shown in paragraph 5.1(a), 5.1(b), or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

5.3. **Classified Unsecured Claims:** The following unsecured claims are classified to be paid at 100%. If the debtor(s) is proposing to pay less than 100%, or to pay a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provisions.**

| NAME OF CREDITOR | COLLATERAL | REASON FOR CLASSIFICATION |
|---|---|---|
| | | |

5.4. **Executory Contracts and Unexpired Leases:** The executory contracts and unexpired leases listed below are assumed. All other executory and unexpired leases are rejected. If the debtor(s) wishes to cure a default on a lease, an explanation of those payments should be included in **Part 6 Nonstandard Provisions.**

NAME OF CREDITOR                             DESCRIPTION OF COLLATERAL

5.5.   **Property of the Estate:** Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the debtor(s), remains property of the estate subject to the Court's jurisdiction, notwithstanding § 1327(b), except as otherwise provided in **Part 6 Nonstandard Provisions below.** Property of the estate not paid to the Trustee shall remain in the possession of the debtor(s). All property in the possession and control of the debtor(s) at the time of confirmation shall be insured by the debtor(s). The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor(s) or other property affected by property in possession and control of the debtor(s).

5.6.   **Validity of Liens or Preference Actions:** Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference action will be grounds for modification of the plan.

**Part 6: Nonstandard Provisions**

Nonstandard Provisions: Under Bankruptcy Rule 3015(c), all nonstandard provisions are required to be set forth below. *These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked and any nonstandard provisions placed elsewhere in the plan are void.*

If the Automatic Stay is lifted as to any debt/collateral being through the plan or being paid directly by the debtor or a third party, the Debtor is deemed to have surrendered his interest in the property and any remaining debt shall be discharged upon completion of the plan.

Upon completion of plan payments, all non-purchase money, no-possessory liens and/or judicial liens in favor of the following creditors will be avoided pursuant to 11 U.S.C.§522(f), and upon notice of discharge, the creditors shall cancel said lien(s) of record within 15 days of such notice.

Upon completion of plan payments, the following creditors will release liens on vehicles:

Upon completion of plan payments, the following creditors will release liens against real estate or mobile home: SN Servicing

| | |
|---|---|
| 1st National Bank of Decatur | Surrender interest in 2006 Ford F-250, 2000 GMC Sierra Truck, 1985 Coachmen Motor Home, 2000 Dodge Caravan, Utility Trailer in full satisfaction of debt |
| First Franklin | Surrender interest in 06 Outback Camper in full satisfaction of debt |

**Part 7: Signatures**

7.1.   **Certification:** The debtor's(s') attorney (or debtor(s), if not represented by an attorney) certifies that all provisions of this plan are identical to the Official Form of the Middle District of Georgia, except for language contained in **Part 6: Nonstandard Provisions.**

Signature of debtor: *Roger Edward Holley*    Date: 7-6-21

Signature of debtor: *Evelyn Jo Ann Holley*    Date: 7-6-21

Debtor's(s') Attorney

Signature of debtor's(s') attorney    Date: 7/6/2021

GAMB Form 113 Word Format 10/9/19

## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: | * |
| | *   CHAPTER 13 |
| Roger Edward Holley | *   CASE NO. 21-10028 |
| Evelyn JoAnn Holley | * |

## NOTICE

Debtors, Roger Edward Holley and Evelyn JoAnn Holley, have filed with the Court a Motion for Modification After Confirmation.

**YOUR RIGHTS MAY BE AFFECTED. You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.** If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the Motion may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's Office.

If you do not want the court to grant the Motion for Modification After Confirmation or if you want the Court to consider your views on the a Motion for Modification After Confirmation, then you or your attorney must file with the Court a written objection or response for a hearing on or before **July 27, 2021** plus an addition three (3) days if served by mail. The objection or response should be sent to:

Clerk, U.S. Bankruptcy Court
Middle District of Georgia
P.O. Box 1957
Macon, GA 31202

**If an objection or response is filed, a hearing on the Motion shall be held on:**
**August 17, 2021 at 2:00 p.m. in the**
**C.B. King U.S. Courthouse, Second Floor, 201 W. Broad Ave., Albany, GA 31701.**

In accordance with LBR 9004-1, please check the Important Information Regarding Court Operations During COVID-19 on the Court's website at www.gamb.uscourts.gov and refer to Administrative Orders 137 and 139 for information regarding the telephonic hearing call-in number and participation codes for the judge assigned to this case. Call-in numbers and participation codes can also be found on each judge's web page on the Court's website. Pursuant to Administrative 139, unless the parties, prior to the hearing date, request and receive permission from the court for an in-person hearing, all hearings will be conducted telephonically.

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive** the objection or response on or before the response date stated above.

Any response or objection shall also be served on the movant.

**If you or you attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 9004-1.

### CERTIFICATE OF SERVICE

I certify that I have, this 6th day of July, 2021, served a copy of the foregoing Notice and Motion for Modification After Confirmation on each and every creditor listed on the attached mailing matrix via electronic filing or by depositing the same in the U.S. Mail in a properly addressed envelope with first class postage affixed thereon to insure delivery.

/s/ Matthew P. Smith
Matthew P. Smith,, Attorney for Debtor

1003 N. Patterson St.
P.O. Box 3335
Valdosta, GA 31604-3335
(229) 247-1211
Georgia Bar No. 878128

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113G-1<br>Case 21-10028<br>Middle District of Georgia<br>Albany<br>Tue Jul  6 16:29:15 EDT 2021 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | 1<br>433 Cherry Street<br>P.O. Box 1957<br>Macon, GA 31202-1957 |
| 1st Franklin Financial Corporation<br>Attn: Administrative Services<br>P.O. Box 880<br>Toccoa, GA 30577-0880 | 1st National Bank of Decatur County<br>819 E. Shotwell St.<br>Bainbridge, GA 39819-4145 | ATT<br>c/o ERC<br>P.O. Box 57547<br>Jacksonville, FL 32241-7547 |
| Bainbridge Memorial Hospital<br>1500 E. Shotwell St.<br>Bainbridge, GA 39819-4294 | Bainbridge Pharmacy<br>1420 E.Evan St<br>Bainbridge, GA 39819-4336 | Capital Acct<br>P.O. Box 140065<br>Nashville, TN 37214-0065 |
| Dextral and Rosalyn Austin<br>3433 Spring Creek Drive<br>Conyers, GA 30013-2368 | First Franklin<br>305 South Scott St.<br>Bainbridge, GA 39819-4135 | IC System Inc.<br>P.O. Box 64378<br>Saint Paul, MN 55164-0378 |
| JPMCB Auto<br>P.O. Box 901003<br>Fort Worth, TX 76101-2003 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | Mediacom Communications<br>c/o IC System, Inc.<br>P.O. Box 64378<br>Saint Paul, MN 55164-0378 |
| Mediacom Communications Corporation<br>PO BOX 1931<br>Burlingame, CA 94011-1931 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Proff Collection<br>5156 River Rd.<br>Columbus, GA 31904-5800 |
| Quantum3 Group LLC as agent for<br>CF Medical LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 | (p)SN SERVICING CORPORATION<br>323 FIFTH ST<br>EUREKA CA 95501-0305 | Synchrony Bank<br>c/o Midland Funding LLC<br>320 E. Big  Beaver<br>Troy, MI 48083-1238 |
| U.S. Bank Trust National Association,<br>as Trustee of the Lodge Series IV Trust<br>c/o Marc E. Ripps, Esq.<br>P.O. Box 923533<br>Norcross, GA 30010-3533 | U.S. Bank Trust National Association,<br>as Trustee of the Lodge Series IV Trust<br>c/o SN Servicing Corporation<br>323 Fifth Street<br>Eureka, CA 95501-0305 | U.S. Trustee - MAC<br>440 Martin Luther King Jr. Boulevard<br>Suite 302<br>Macon, GA 31201-7987 |
| US Department of Education<br>P.O. Box 5609<br>Greenville, TX 75403-5609 | Verizon Wireless<br>c/o Jefferson Capital LLC<br>16 McLeland Road<br>Saint Cloud, MN 56303-2198 | Evelyn JoAnn Holley<br>1203 East Pine St.<br>Bainbridge, GA 39819-4811 |
| Jonathan W. DeLoach<br>Office of The Chapter 13 Trustee<br>P. O. Box 1907<br>Columbus, GA 31902-1907 | Matthew P. Smith<br>Woodall and Woodall<br>1003 N. Patterson Street<br>Valdosta, GA 31601-3918 | Roger Edward Holley<br>1203 East Pine St.<br>Bainbridge, GA 39819-4811 |

William Orson Woodall
Woodall and Woodall
P.O. Box 3335
1003 Patterson Street
Valdosta, GA 31601-3918

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud Mn 56302-9617

SN Servicing
323 5th St.
Eureka, CA 95501

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)1st Franklin Financial Corporation        (u)U.S. Bank Trust National Association, as T        End of Label Matrix
Mailable recipients    30
Bypassed recipients     2
Total                  32